# Exhibit A



LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERK
PO BOX 87
EDINBURG, TX 78540-0087



9214 8901 0661 5400 0176 2251 73

**RETURN RECEIPT (ELECTRONIC)**

C-1996-22-B

REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC LAWYERS
INCORPORATING SERVICE COMPANY SPACE
EXPLORATION TECHNOLOGIES CORP
SUITE 620
211 E. 7TH STREET,
AUSTIN, TX 78701

**RETURN SERVICE REQUESTED**

CUT / FOLD HERE

Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.01

C-1996-22-B
93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Space Exploration Technologies Corp**
**REGISTERED AGENT CORPORATION SERVICE COMPANY**
**D/B/A CSC LAWYERS**
**INCORPORATING SERVICE COMPANY**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN TX 78701**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 31st day of May, 2022 and a copy of same accompanies this citation. The file number and style of said suit being, **C-1996-22-B, CARLOS MARTINEZ VS. SPACE EXPLORATION TECHNOLOGIES CORP**

Said Petition was filed in said court by Attorney DANIEL E. VARGAS, 324 W UNIVERSITY DR EDINBURG TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 1st day of June, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PRISCILLA RIVAS DEPUTY CLERK**

**CERTIFIED MAIL  9214 8901 0661 5400 0176 2251 7**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 1st day of June, 2022 I, Priscilla Rivas, Deputy Clerk of the 93rd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-1996-22-B, Carlos Martinez VS. Space Exploration Technologies Corp a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 1st day of June, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**PRISCILLA RIVAS, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-1996-22-B

| | | |
|---|---|---|
| **CARLOS MARTINEZ** § | | **IN THE DISTRICT COURT** |
| **Plaintiff,** § | | |
| § | | |
| **V.** § | | |
| § | | |
| **SPACE EXPLORATION** § | | |
| **TECHNOLOGIES CORP AKA** § | | |
| **SPACE X** § | | |
| **Defendant.** § | | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Carlos Martinez, hereinafter called Plaintiff, complaining of and about Space Exploration Technologies Corp, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff affirmatively pleads that he seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and intends that discovery be conducted under Discovery Level 1.

### PARTIES AND SERVICE

2.   Plaintiff, Carlos Martinez, is an Individual who resides in Cameron County, Texas. The last three numbers of Carlos Martinez's driver's license number are 831. The last three numbers of Carlos Martinez's social security number are 194.

3.   Defendant Space Exploration Technologies Corp, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701,

Case 7:22-cv-00208 Document 1-2 Filed on 06/30/22 in TXSD Page 6 of 12

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1367(a).

## NATURE OF ACTION

5. The Plaintiff, brings this action against Defendant, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201 *et seq.*

## CONDITIONS PRECEDENT

6. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Texas Workforce Commission, Civil Rights Division, alleging violations of Chapter 21 Employment Discrimination of the Texas Labor Code. A notice of the right to file a civil action has been issued by the Texas Workforce Commission, Civil Rights Division. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is filed within 60 days after the date a notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

7. Plaintiff, Carlos Martinez, was hired by Space Exploration Technologies Corp as a Support Technician on or about February 2021. Plaintiff was compensated at an hourly rate of $24.00 per hour.

8. The Defendant, Space Exploration Technologies Corp., is a business conducting business support services. Defendant was an employer engaged in an industry affecting

Case 7:22-cv-00208 Document 1-2 Filed on 06/30/22 in TXSD Page 7 of 12

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

commerce who has at least twenty or more employees.

9. At all times relevant to this lawsuit Defendant Space Exploration Technologies Corp. was well aware of Plaintiff's age as Plaintiff disclosed this information at the time of hire.

10. Despite being qualified to be hired as a welder due to his 25 years of experience, Plaintiff was hired as a Support Technician and assigned to perform the same duties as welders without any promotion in title or pay.

11. Plaintiff would ask Luis Garza, Supervisor, why he was not being paid the same amount young welders were being paid. Mr. Garza would never respond.

12. Plaintiff was the oldest welder of the group at 43 years old.

13. On or about April 20, 2021, Plaintiff was working when the scissor lift battery died and was left mid-air. The only individual around was Dorian Martinez, welder, whom Plaintiff called for help and instead of assisting Plaintiff, Mr. Dorian looked up to where Mr. Martinez was and said, "Como chinga pinche viejito.", and walked away.

14. Plaintiff reported this incident to Mr. Garza, Supervisor. However, instead of reprimanding Mr. Dorian, he promoted him and gave him a raise the following day.

15. Plaintiff was assigned nicknames such as anciano and fossil.

16. Plaintiff would use a computer to print out his daily work and the young welders would make comments such as old man does not know how to use a computer.

17. As a result, Plaintiff complained to Mr. Garza about the young welders and Mr. Dorian's discriminatory treatment.

18. Only about a week after Plaintiff complained of age discrimination, Defendant summarily retaliated against Plaintiff for accusing him of stealing a water bottle from the break room. Plaintiff attended a meeting where a human resource (HR) representative and two security

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1996-22-B**

guards were present, and was able to prove he purchased the water bottle with his bank transactions.

19. On or about May 4, 2021, Mr. Dorian was welding an area where there were cables exposed and Plaintiff told him to throw a fire blanket over them to avoid any accidents as per safety protocol. Mr. Dorian continued welding and Plaintiff informed Mr. Garza.

20. Plaintiff was informed that the following day there had been a fire near in Mr. Darian's work area.

21. On May 6, 2021, Plaintiff was rearranged to work in Mr. Darian's area by Mr. Garza. Plaintiff noticed they were taking pictures of him and told Mr. Garza he knew that they were trying to get rid of him.

22. Plaintiff requested to speak to HR and was told they were not available.

23. On May 11, 2021, Plaintiff emailed HR and Mr. Garza explaining what had been occurring.

24. Defendant allegedly fired Plaintiff for being defensive on May 11, 2021. However, Defendant's reason was a pretext to discriminate against Plaintiff due to age.

25. During his tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of his performance were consistently satisfactory.

**DISCRIMINATORY TERMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§12201 ET SEQ.**

26. Plaintiff repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

27. Defendant, Space Exploration Technologies Corp, intentionally engaged in unlawful employment practices involving Plaintiff because of his age. At all material times, Plaintiff was 40 years of age or older.

Case 7:22-cv-00208 Document 1-2 Filed on 06/30/22 in TXSD Page 9 of 12

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

28. Defendant, Space Exploration Technologies Corp, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Texas Labor Code.

29. Defendant, Space Exploration Technologies Corp, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of the Texas Labor Code.

30. Plaintiff alleges that Defendant, Space Exploration Technologies Corp, discriminated against Plaintiff on the basis of age with malice or with reckless indifference to the state-protected rights of Plaintiff.

### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§12201 ET SEQ.

31. Plaintiff alleges that Defendant Space Exploration Technologies Corp, instituted a campaign of retaliation which included

32. This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice, making or filing a charge, filing a complaint and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

33. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Costs;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1996-22-B**

        Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

c.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

d.     All reasonable and necessary costs incurred in pursuit of this suit;

e.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f.     Liquidated Damages

## EXEMPLARY DAMAGES

34.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Carlos Martinez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1996-22-B**

Respectfully submitted,

**THE VARGAS LAW OFFICE**

324 W. University Drive
EDINBURG, TX 78539
Tel. (956) 287-3743
Fax. (956) 365-9771
Email: thevargaslawoffice@gmail.com

By: _____
Daniel E. Vargas
Texas Bar No. 24072403
Attorney for Plaintiff
Carlos Martinez

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CERTIFIED MAIL**

US POSTAGE ᴵᴹⁱ PITNEY B
ZIP 78539 $ 006.96⁰
02 4W
0000372542 JUN 03 2022