# Exhibit B

# Exhibit B-1

CAUSE NO. C-1996-22-B

| | | |
|---|---|---|
| **CARLOS MARTINEZ** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES CORP AKA** | § | |
| **SPACE X** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Carlos Martinez, hereinafter called Plaintiff, complaining of and about Space Exploration Technologies Corp, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff affirmatively pleads that he seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and intends that discovery be conducted under Discovery Level 1.

### PARTIES AND SERVICE

2. Plaintiff, Carlos Martinez, is an Individual who resides in Cameron County, Texas. The last three numbers of Carlos Martinez's driver's license number are 831. The last three numbers of Carlos Martinez's social security number are 194.

3. Defendant Space Exploration Technologies Corp, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701,

**C-1996-22-B**

its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1367(a).

## NATURE OF ACTION

**5.** The Plaintiff, brings this action against Defendant, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201 *et seq.*

## CONDITIONS PRECEDENT

6. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Texas Workforce Commission, Civil Rights Division, alleging violations of Chapter 21 Employment Discrimination of the Texas Labor Code. A notice of the right to file a civil action has been issued by the Texas Workforce Commission, Civil Rights Division. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is filed within 60 days after the date a notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

7. Plaintiff, Carlos Martinez, was hired by Space Exploration Technologies Corp as a Support Technician on or about February 2021. Plaintiff was compensated at an hourly rate of $24.00 per hour.

8. The Defendant, Space Exploration Technologies Corp., is a business conducting business support services. Defendant was an employer engaged in an industry affecting

Case 7:22-cv-00208   Document 1-3   Filed on 06/30/22 in TXSD   Page 5 of 15

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

commerce who has at least twenty or more employees.

9. At all times relevant to this lawsuit Defendant Space Exploration Technologies Corp. was well aware of Plaintiff's age as Plaintiff disclosed this information at the time of hire.

10. Despite being qualified to be hired as a welder due to his 25 years of experience, Plaintiff was hired as a Support Technician and assigned to perform the same duties as welders without any promotion in title or pay.

11. Plaintiff would ask Luis Garza, Supervisor, why he was not being paid the same amount young welders were being paid. Mr. Garza would never respond.

12. Plaintiff was the oldest welder of the group at 43 years old.

13. On or about April 20, 2021, Plaintiff was working when the scissor lift battery died and was left mid-air. The only individual around was Dorian Martinez, welder, whom Plaintiff called for help and instead of assisting Plaintiff, Mr. Dorian looked up to where Mr. Martinez was and said, "Como chinga pinche viejito.", and walked away.

14. Plaintiff reported this incident to Mr. Garza, Supervisor. However, instead of reprimanding Mr. Dorian, he promoted him and gave him a raise the following day.

15. Plaintiff was assigned nicknames such as anciano and fossil.

16. Plaintiff would use a computer to print out his daily work and the young welders would make comments such as old man does not know how to use a computer.

17. As a result, Plaintiff complained to Mr. Garza about the young welders and Mr. Dorian's discriminatory treatment.

18. Only about a week after Plaintiff complained of age discrimination, Defendant summarily retaliated against Plaintiff for accusing him of stealing a water bottle from the break room. Plaintiff attended a meeting where a human resource (HR) representative and two security

Case 7:22-cv-00208 Document 1-3 Filed on 06/30/22 in TXSD Page 6 of 15

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

guards were present, and was able to prove he purchased the water bottle with his bank transactions.

19. On or about May 4, 2021, Mr. Dorian was welding an area where there were cables exposed and Plaintiff told him to throw a fire blanket over them to avoid any accidents as per safety protocol. Mr. Dorian continued welding and Plaintiff informed Mr. Garza.

20. Plaintiff was informed that the following day there had been a fire near in Mr. Darian's work area.

21. On May 6, 2021, Plaintiff was rearranged to work in Mr. Darian's area by Mr. Garza. Plaintiff noticed they were taking pictures of him and told Mr. Garza he knew that they were trying to get rid of him.

22. Plaintiff requested to speak to HR and was told they were not available.

23. On May 11, 2021, Plaintiff emailed HR and Mr. Garza explaining what had been occurring.

24. Defendant allegedly fired Plaintiff for being defensive on May 11, 2021. However, Defendant's reason was a pretext to discriminate against Plaintiff due to age.

25. During his tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of his performance were consistently satisfactory.

**DISCRIMINATORY TERMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§12201 ET SEQ.**

26. Plaintiff repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

27. Defendant, Space Exploration Technologies Corp, intentionally engaged in unlawful employment practices involving Plaintiff because of his age. At all material times, Plaintiff was 40 years of age or older.

**C-1996-22-B**

28. Defendant, Space Exploration Technologies Corp, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Texas Labor Code.

29. Defendant, Space Exploration Technologies Corp, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of the Texas Labor Code.

30. Plaintiff alleges that Defendant, Space Exploration Technologies Corp, discriminated against Plaintiff on the basis of age with malice or with reckless indifference to the state-protected rights of Plaintiff.

### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§12201 ET SEQ.

31. Plaintiff alleges that Defendant Space Exploration Technologies Corp, instituted a campaign of retaliation which included

32. This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice, making or filing a charge, filing a complaint and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

33. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    Costs;

    b.    All reasonable and necessary Attorney's fees incurred by or on behalf of

Case 7:22-cv-00208 Document 1-3 Filed on 06/30/22 in TXSD Page 8 of 15

Electronically Filed
5/31/2022 11:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1996-22-B

      Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

c.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

d.    All reasonable and necessary costs incurred in pursuit of this suit;

e.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f.    Liquidated Damages

## EXEMPLARY DAMAGES

34.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Carlos Martinez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

C-1996-22-B

Respectfully submitted,

**THE VARGAS LAW OFFICE**

324 W. University Drive
EDINBURG, TX 78539
Tel. (956) 287-3743
Fax. (956) 365-9771
Email: thevargaslawoffice@gmail.com

By: _____
Daniel E. Vargas
Texas Bar No. 24072403
Attorney for Plaintiff
Carlos Martinez

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# Exhibit B-2

CAUSE NO. C-1996-22-B

| | | |
|---|---|---|
| CARLOS MARTINEZ, § | | IN THE DISTRICT COURT |
|     Plaintiff, § | | |
| § | | |
| v. § | | 93rd JUDICIAL DISTRICT |
| § | | |
| SPACE EXPLORATION § | | |
| TECHNOLOGIES CORP § | | |
| a/k/a SPACEX, § | | |
|     Defendant. § | | HIDALGO COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION,
<u>SUBJECT TO MOTION TO COMPEL ARBITRATION</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Space Exploration Technologies Corp. ("SpaceX"), Defendant in the above-styled and numbered cause, and files this its Original Answer and Affirmative Defenses (the "Answer"), Subject to Motion to Compel Arbitration,[1] in response to Plaintiff Carlos Martinez' ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

**I.
<u>ORIGINAL ANSWER/GENERAL DENIAL</u>**

1.    Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as authorized by TEX. R. CIV. P. 92, and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of evidence as required by the Constitution and laws of the State of Texas.

---

[1] On or about February 23, 2020, Plaintiff entered into an "Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver" (the "Arbitration Agreement"), through which he agreed to resolve claims of employment discrimination, specifically including claims pursuant to the Age Discrimination in Employment Act, arising out of or related to his employment with Defendant or the termination of such employment pursuant to final and binding arbitration.  Because the claims asserted by Plaintiff in his Original Petition are subject to the terms of the parties' Arbitration Agreement, Defendant files this Answer subject to a Motion to Compel Arbitration to be filed in the near future and without waiving Defendant's right to compel such arbitration.

4857-7700-9445.1

## II.
## **AFFIRMATIVE DEFENSES**

Defendant does not admit any liability in asserting the following defenses and other matters. Without admitting liability as to any of Plaintiff's causes of action, Defendant states:

1. Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff has failed to mitigate any damages he may have suffered as a result of Defendant's alleged actions, and, additionally and/or alternatively, that any award earned or received by Plaintiff should be offset by the amount of wages and benefits that Plaintiff has received during the period covered by the award.

2. Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff should be denied recovery of any damages for lost wages, benefits, or similar damages during any period of time in which he was unable to work.

3. Pursuant to TEX. R. CIV. P. 54 and/or 94, Defendant affirmatively pleads that for any causes of action and/or claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA")[2] and that have not been made the subject of a timely filed Charge of Discrimination before the EEOC and/or the Texas Workforce Commission, Civil Rights Division ("TWCCRD") and/or any other governing administrative body, or for which the appropriate right-to-sue or other applicable notice has not been received, Plaintiff is barred recovery on those causes of action because of a failure to exhaust administrative remedies and/or to satisfy conditions precedent.

4. Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff's claims for liquidated damages are precluded by Defendant's good faith efforts to comply with

---

[2] Plaintiff's Original Petition specifically asserts claims of age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"); however, in referencing the ADEA's statutory citation, which is correctly 29 U.S.C. § 621, *et seq*., Plaintiff cites 29 U.S.C. 12201 *et seq*. (*See* Pl.'s Orig. Pet. at 2, 4 and 5). Such statute does not exist.

2

the ADEA, and that Defendant had reasonable grounds to believe that its actions and/or omissions with respect to Plaintiff were in compliance with all applicable federal and state law.

5.  Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff is not entitled to damages under both ADEA and the Texas Commission on Human Rights Act ("TCHRA"), as sought in Paragraph 33(b), 33(c), 34 and the "Prayer" of Plaintiff's Original Petition, as Plaintiff has not asserted any claims under the TCHRA and any such recovery would amount to an impermissible double recovery.

6.  Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff is not entitled to some or all of the relief requested in his pleading because, even if Defendant were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to his employment regardless of any impermissible factors.

7.  Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that it has in place a clear and well disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective action; to the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to otherwise avoid harm, Plaintiff's claims of discrimination are barred

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Space Exploration Technologies Corp. prays that Plaintiff be denied all relief requested in his Original Petition, that a take-nothing judgment be entered against Plaintiff, that Defendant recover its costs and attorneys' fees

as the prevailing party, and for such other relief, at law or in equity, both general and specific, to which it may be justly entitled.

         Respectfully submitted,

         **DYKEMA GOSSETT, PLLC**
         112 East Pecan Street, Suite 1800
         San Antonio, Texas 78205
         Telephone:  (210) 554-5500
         Facsimile:   (210) 226-8395

         By: */s/Ramon D. Bissmeyer*
          **Ramon D. Bissmeyer**
          Texas State Bar No. 00787088
          Email:  RBissmeyer@dykema.com
          **Kelly E. Preston**
          Texas State Bar No. 24092912
          Email:  KPreston@dykema.com

         **ATTORNEYS FOR DEFENDANT,
         SPACE EXPLORATION TECHNOLOGIES
         CORP.**

## CERTIFICATE OF SERVICE

  I hereby certify that on June 21, 2022 I electronically filed the foregoing document with the Clerk of Court using the efile Texas system, which will send notification of such filing to the following counsel of record:

  Mr. Daniel E. Vargas
  **The Vargas Law Office**
  324 W. University Drive
  Edinburg, Texas 78539
  Email:  thevargaslawoffice@gmail.com

         */s/ Ramon D. Bissmeyer*
         **Ramon D. Bissmeyer**

4857-7700-9445

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra Young on behalf of Ramon Bissmeyer
Bar No. 787088
syoung@dykema.com
Envelope ID: 65617796
Status as of 6/21/2022 10:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ramon D.Bissmeyer | | rbissmeyer@dykema.com | 6/21/2022 10:26:20 AM | SENT |
| Sandra LeeYoung | | syoung@dykema.com | 6/21/2022 10:26:20 AM | SENT |
| Diane Staner | | dstaner@dykema.com | 6/21/2022 10:26:20 AM | SENT |
| Dykema Docket | | docketSAT@dykema.com | 6/21/2022 10:26:20 AM | SENT |
| Kelly Preston | 24092912 | kpreston@dykema.com | 6/21/2022 10:26:20 AM | SENT |
| Daniel Vargas | 24072403 | thevargaslawoffice@gmail.com | 6/21/2022 10:26:20 AM | SENT |